OPINION
Plaintiff-Appellant Nancy Pack ("Pack") originally filed a medical negligence action against Defendant-Appellee Kenneth D. Christman, M.D. ("Christman") on July 2, 1996. On April 7, 1997, Christman filed a motion for summary judgment or in the alternative, a dismissal for want of prosecution. Eight days later, Pack voluntarily dismissed her case pursuant to Civ.R. 41(A). Pack refiled the suit on April 15, 1998, exactly one year later.
On June 28, 1999, Pack filed a motion for continuance of all deadlines, including the trial date, which was granted by the trial court. After eight months had passed, Christman again filed a motion for summary judgment or dismissal for want of prosecution on February 22, 2000. Plaintiff requested two extensions to respond to this motion, which were granted with a deadline of March 22, 2000 to file her response. Pack filed her response on March 23, 2000, along with a motion to continue the trial. The trial court granted Christman's motion for summary judgment on April 20, 2000, not addressing either Pack's motion for continuance or the alternative motion for dismissal with prejudice. Pack appeals this decision, raising the following assignments of error:
 The trial court committed prejudicial error by granting Defendant's motion for summary judgment. Defendant/Appellee failed to satisfy its initial burden of identifying those parts of the record in support of its motion. Plaintiff/Appellant produced uncontroverted evidence establishing genuine issues of material fact for trial.
 The trial court abused its discretion when it denied Appellant's motion to continue trial without considering the required factors set forth in State v. Unger.
In her first assignment of error, Pack argues that the trial court erred in granting Christman's motion for summary judgment. The motion requested summary judgment, or in the alternative, dismissal for want of prosecution. In its decision granting summary judgment, the trial court stated:
 In light of all materials on record, Nancy Pack has not produced any evidence on any issue for which she bears the burden of production at trial. The Defendant in this case points to the fact that there has been virtually no action on the part of the Plaintiff to prove her case. The only evidence that the Plaintiff has produced is a conclusory Affidavit [sic] submitted by Dr. Bauman. The affidavit only states that a deviation of care existed. It does not set forth specific facts showing that there is a genuine issue for trial.
 An appellate court's review of a summary judgment decision is de novo. Nilavar v. Osborn (1998), 127 Ohio App.3d 1, 10, citing Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. In reviewing a summary judgment decision, the appellate court must apply the standard found in Civ.R. 56, the same as a trial court. According to Civ.R. 56, a trial court should grant summary judgment only when the following tripartite test has been satisfied: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66.
The moving party has the burden to establish that there is no genuine issue as to any material fact. Id. This burden can only be met by identifying specific facts found in evidentiary materials listed in Civ.R. 56(C), including "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any." Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. It is not sufficient for a movant to simply make a conclusory assertion that the plaintiff has not produced enough evidence to prove his case. In this regard, the Ohio Supreme Court stated:
 A plaintiff need not initiate any discovery or reveal his witnesses or evidence unless required to do so under the discovery Rules [sic] or by court order. Of course, he must respond if required to do so; but he need not also depose his witnesses or obtain their affidavits to defeat a summary judgment motion asserting only that he has failed to produce any support for his case. It is the defendant's task to negate, if he can, the claimed basis for the suit.
 Id. at 290. Although the movant is not necessarily required to provide affirmative evidence, such as affidavits or other materials produced by the movant when presenting his motion, he does have the responsibility to inform the court of the basis for his motion by pointing to specific facts in the record. Id. at 292. If the evidence is not contained in the record, the motion cannot succeed. Id. at 293. On the other hand, if the movant is able to demonstrate that the non-moving party's case lacks the necessary evidence to support its claims, he has successfully discharged his burden. Id. at 289-90.
It is only after the moving party has discharged his burden that the non-moving party will have a reciprocal burden as outlined in Civ.R. 56(E). This section provides the "adverse party may not rest upon the mere allegations or denials of [the party's] pleadings," but "must set forth specific facts showing that there is a genuine issue for trial." See id. at 293. Civ.R. 56(E) provides if the non-moving party does not respond or outline specific facts to demonstrate a genuine issue of material fact, then summary judgment is proper. Id.
In his motion, Christman argued that Pack failed to take any action to pursue her case during the original and the present suit. Because she had failed to make a record of any evidence which would demonstrate her right to relief, Christman believed that he was entitled to judgment as a matter of law. According to the standard, however, it is the movant's responsibility to point to some specific evidence in the record to demonstrate that there are no genuine issues of material fact. Christman cannot fulfill his burden simply by making a conclusory statement that Pack has produced no evidence to support her case. Pack's failure to place evidence in the record supporting her case did not relieve Christman's duty to find specific evidence within those materials listed in Civ.R. 56(C) that demonstrates absence of genuine issues of material fact. Based on this reasoning, we find that Christman did not successfully discharge his burden.
The court below focused on the inadequacy of the affidavit of Pack's expert. While we agree that the affidavit would be insufficient to withstand Pack's burden in the summary judgment standard, we find this to be a moot point. Pack only assumes a burden if Christman successfully discharges his. As we stated above, this did not occur. Accordingly, Pack's first assignment of error is sustained.
Pack's second assignment of error alleges that the trial court erred in not granting her March 23, 2000 request for a continuance of the trial. However, the record does not contain a ruling regarding this motion, as summary judgment was granted soon after, terminating the case. If the trial court made an oral ruling on this motion, it is not part of the record, and therefore not before this court. It is well established that a court speaks only through its journal entries. Hairston v. Seidner
(2000), 88 Ohio St.3d 57, 58.
In addition, Pack's third assignment of error argues her position on Christman's Civ.R. 41(B) motion which was not addressed by the trial court. This issue is similarly not before this court. Both Pack's second and third assignments of error are declared moot.
Judgment reversed and remanded for further proceedings.
GRADY, P.J., and FAIN, J., concur.